# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

DAMIAN HERRON,                                  )
                                                )
            Plaintiff,                          )
                                                )
        v.                                      )          Case No. 1:21-CV-75 RWS
                                                )
SCOTT COUNTY SHERIFF DEPARTMENT,  )
                                                )
            Defendant.                          )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Damian Herron brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 3.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.50.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will dismiss this action for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs, indicating that his take-home wages are $5.00 per month. ECF No. 3 at 1. Attached to the application, Plaintiff included a letter stating that he requested a certified prison account statement from his place of incarceration but he had yet to receive it. *Id.* at 3. Plaintiff said he would submit the account statement to the Court for filing once received. Court records indicate that Plaintiff did submit an account statement in his two other cases pending before this Court, but not in this matter. *See Herron v. Mo. Prob. & Parole*, No. 4:21-CV-526-SEP, ECF No. 6 (E.D. Mo. document filed July 14, 2021); *Herron v. ERDCC et al.*, No. 4:21-CV-527-NAB, ECF No. 6 (E.D. Mo. document filed June 23, 2021).[1] Based on the account statement submitted by Plaintiff in his other cases, Plaintiff's average monthly deposit is $7.50 and the total amount in his prison account is insufficient to pay the entire filing fee for this matter. *Id.* Therefore, the Court will assess an initial partial filing fee of $1.50, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

---

[1] The Court may take judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. He is currently an inmate at Missouri Eastern Correctional Center ("MECC"); however, the allegations of his complaint occurred while he was detained by defendant Scott County Sheriff Department. His 'Statement of Claim,' in his own[2] words, reads as follows:

---

[2] The Court notes that although the complaint is signed by Plaintiff Damian Herron, the return address on the mailing envelope states that the filing is from: "Joseph Engel # 1069055." ECF No. 1-1. Joseph Michael Devon Engel (Missouri prison registration number 1069055) is well-known to this Court. As of December 21, 2020, at least three of Engel's civil actions had been dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e) and as such, Engel is subject to the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Despite warnings from the Court about abusive litigation practices, Engel has filed over 150 civil cases in this Court in the last calendar year.

> This is in regards to the fact of my Rights being violated the Courts sentence me to prison over video it is very unprofessional I was not givin the opion what so ever its not right.

ECF No. 1 at 1.  Plaintiff's alleged injuries are: "Civil Right, Prisoner Rights, PTSD, Depression, Physical Health, [and] Mind Raping."  *Id.*  For relief, Plaintiff seeks 350 million dollars.  *Id.*

### Discussion

 Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construing the allegations of the self-represented complaint, Plaintiff asserts that being sentenced to prison over video (instead of at an in-person proceeding) violated his rights. Plaintiff provides no detail on his sentencing but he describes himself as "convicted and sentence[d] to state prison."  ECF No. 1 at 1.  Independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff did appear by video for a Missouri state court sentencing on August 12, 2020.  *See State v. Herron*, Case No. 18SO-CR00820-01 (33rd Jud. Cir. Aug. 1, 2018).  In that case, back in August 2018, Plaintiff pleaded guilty to the class D felony of tampering with a motor vehicle.  However, the imposition of his five-year sentence was suspended.  Over two years later, Plaintiff's probation was revoked and a seven-year sentence was ordered executed.  At the time of his sentencing, Plaintiff was in custody (presumably custody of the defendant Scott County Sheriff Department) and the hearing was done by video conference.

In his complaint, Plaintiff alleges that doing his sentencing by video conferencing was "unprofessional;" that he was not given a choice in the matter; and that it is "not right."  ECF No. 1 at 1.  Plaintiff does not allege that any right secured by the Constitution or laws of the United States was infringed by his video-conference sentencing.[3]  Nor does he allege that he would have objected to a sentencing by video, if given a choice.  Court records indicate that this was not the first hearing Plaintiff had over video conferencing and there is no indication in the record that Plaintiff ever objected to such method.  Because Plaintiff fails to allege a violation of a constitutional right, his complaint fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Furthermore, even if Plaintiff's complaint stated a cognizable § 1983 claim, the complaint would also be subject to dismissal against Scott County Sheriff Department because divisions of local government are not suable entities under 42 U.S.C. § 1983.  *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).  Moreover, according to the Eighth Circuit, "pro se status does not excuse [Plaintiff's] failure to name the proper parties."  *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009).

For all of these reasons, Plaintiff's complaint fails to state a valid § 1983 claim as to defendant Scott County Sheriff Department and therefore, it must be dismissed.

---

[3] Even if Plaintiff had alleged that his constitutional rights were violated by a video sentencing, the Court has no reason to believe that such a sentencing would violate his rights.  Although Plaintiff was sentenced in state court, the Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act) allows for federal courts to conduct felony sentencings by video teleconference when such conferences cannot be "conducted in person without seriously jeopardizing public health and safety" and when the sentencing cannot "be further delayed without serious harm to the interests of justice."  CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 281.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.50 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Scott County Sheriff Department because the complaint fails to state a claim on which relief can be granted.  Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of August, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE